BOARD OF SUPERVISORS OF WAYNE COUNTY *v.* MOBILE & OHIO RAILROAD CO.

[56 South. 173.]

TAXATION. *Overvaluation. Right to relief.*

Where cut-over lands were assessed for taxes as timbered lands at a valuation greatly in excess of their actual value, the board of supervisors had the right under Code 1906, § 4312, so providing to at any time reduce the assessment, because of "over valuation known to be such."

APPEAL from the circuit court of Wayne county.

HON. T. H. BARRETT, Judge.

Petition by Mobile & Ohio Railroad Company against the board of supervisors of Wayne county. From a judgment in favor of the railroad company, the board of supervisors appeals.

The facts are as follows:

The appellees filed a petition before the board of supervisors of Wayne county asking a reduction of their

assessment. The case was tried upon an agreed statement of facts, which is as follows: "The following statement of facts is hereby agreed to between the attorney of record of the Mobile & Ohio Railroad Company and the attorney of record for Wayne county, Miss., and shall be taken and considered by the court as the agreed statement of facts in said cause, and said cause shall be determined upon said facts, to-wit: That, on the assessment of lands by the tax assessor and board of supervisors of the said county of Wayne, the total raise of real estate values in said county over the preceding assessment was forty-two thousand, five hundred and ninety-two dollars; that of said amount the raise on the lands of the Mobile & Ohio Railroad Company is approximately thirty-seven thousand dollars (said land roll of said county being hereby referred to and made a part hereof, and a copy of the orders and doings of the board of supervisors in reference to said assessment is hereby attached as Exhibit A); that at the November, 1909, term of the board of supervisors of said Wayne county, the defendant filed its formal motion to reduce said assessment, and that said application was denied, for the reason that the said board of supervisors did not think it had the legal authority to reduce said assessment; that said board was and is of the opinion that said assessment against the lands of the Mobile & Ohio Railroad Company was overvalued to the amount of twelve thousand, seven hundred and seventy-eight dollars; that this overvaluation was because the board, in assessing certain lands of the Mobile & Ohio Railroad Company, had assessed them as timbered lands, when in fact they were cut-over lands, with little or no timber standing thereon (that a copy of said order of the board, denying said motion, is hereto attached as Exhibit B); that a reasonable taxable valuation of the cut-over land of the Mobile & Ohio Railroad Company in Wayne county is two dollars per acre; that the board of supervisors, at its

November, 1909, meeting, regarded this valuation correct, and still regards it as correct, and declined to enter the order only because it thought it had no legal right to do so; that the attached list of lands (Exhibit C) correctly described all of said cut-over land in the county of Wayne, state of Mississippi, and that a reasonable taxable valuation of said lands is two dollars per acre; that said list of lands, marked Exhibit C, shows the assessment of each parcel of land as now shown by the tax roll of the Wayne county, Miss., and shows the total of said assessment, and the total of what it should be, at two dollars per acre, and that said assessment of lands should be reduced to the amount of twelve thousand, five hundred and sixty-five dollars, to conform to the true and correct taxable value of said lands; that the assessment of lands, as aforesaid, at the excessive valuation, was because the board of supervisors was mistaken in the nature and character of the lands so assessed, as shown in Exhibit C attached hereto, and at the time of the hearing of the application of the Mobile & Ohio Railroad Company, for a reduction of the assessment on said lands, two dollars per acre, it became known to the board of supervisors that said lands were cut-over lands, instead of timbered lands, and hence it became and was known to said board that the assessment of said lands was an overvaluation known to be such, under section 4312 of the Mississippi Code of 1906; that said lands were returned by the Mobile & Ohio Railroad Company at an amount less than the valuation appearing upon the assessment rolls, and that said lands were overassessed by the board of supervisors because of said board's mistaken idea of the character of said lands, as aforesaid, and that said lands were worth no more at the time of the making of said assessment than at the time of making the aforesaid application for a reduction of said assessment; that is to say, there has been no change in the value of said lands since the making of said assess-

ment. It is further agreed to be the fact that at the September term of the board of supervisors, at which term the taxes of the county were equalized, that the Mobile & Ohio Railroad Company had a representative of its land department before the board of supervisors during the whole session, but the board was not informed as to the character of the lands described in Exhibit C.''

The board of supervisors had approved the assessment at its September meeting as provided by section 4297 and 4298 of the Code of 1906. Section 4312 of the Code is as follows: ''In case of destruction or deterioration in value of any real estate by any casualty, or in case of overvaluation known to be such, or in case of clerical error in the assessment rolls, or in case of change of ownership after assessment, or in case of an increase of value by the erection of imrovements, or on satisfactory evidence of such increase from other causes, the board of supervisors shall have power at any time, on the application of a party interested, or otherwise, to change the assessment so as to reduce or increase to the true value of the property, or to cause the taxes to be charged to the purchaser thereof. And in case of the reduction or increase of any assessment, the same shall be certified by the clerk of the board of supervisors to the auditor; but the board shall not, after the approval of the roll, change an assessment except in the cases enumerated.''

*Wm. McAlister,* county attorney, for appellant.

In this cause the board was willing to grant the relief prayed for and made an effort to do so, but was advised by the attorney general that it could not make the order at that late date.

The assessor had made his return of the assessment and gave notice of filing the same as per section 4291, of the Code of 1906; and was subject to objections as provided for in section 4296, and on the first Monday of

August the board met to equalize the assessment when the complainant was present and had an opportunity to ask that corrections be made, but made none or asked for none to be made.

It is too late to make objections to assessments of land when the rolls have been completed and placed in the hands of the sheriff and auditor.

*Chas. M. Wright,* for appellee.

While section No. 4312 has been held to be a restrictive statute, that is a restriction on the power of the board of supervisors to change assessments, it is also the law that the power of the board is plenary in all cases coming within the purview of the statute. *Hancock county* v. *Simmons,* 86 Miss. 302. Truly, J., speaking for the court says, "In case of over-valuation known to be such, when it is manifest that injustice has been done, through mistake in calculation, proper reduction can be allowed." 86 Miss. pp. 310, 311. The agreed statement of facts, brief of counsel for appellant, and all the attendant circumstances show that manifest injustice has been done by a mistake as to the character of lands it was assessing. Much more then can the board allow the proper reduction, when the over-valuation grows out of want of knowledge on the part of the board, as to the subject-matter with which it is attempting to deal.

The lands had been returned by the assessor, and the valuation of the assessor were raised by the board. So far as this record shows the appellee was without knowledge of any proposed raise or change in the assessment of any subdivision of land embraced in this suit.

Its representative present at the equalization, as shown by the agreed statement of facts, is not shown to have known about the proposed raise or change by said board. He was not put upon inquiry as to the probable raise of such lands, as were returned by the assessor at the actual valuation. *Simmons* v. *Scott County,* 68 Miss.

37.   That the assessor's return was correct, the statement of facts shows beyond question.

The duties and authority of the agent attending the sitting of the board are nowhere shown in this record, and cannot be presumed.

*Jennings* v. *Coahoma County,* 79 Miss. 523, is decisive of the instant case, both as to the propriety of this proceeding and the relief to which appellee is entitled.   See, also, *Simmons* v. *Scott County,* 68 Miss. 37; *Hancock* v. *County* v. *Simmons,* 86 Miss. 302.

WHITFIELD.

The petition filed by the appellee should have been granted by the board of supervisors.   It is a plain case of overvaluation, known to be such, within the meaning of section 4312 of the Code of 1906.   The reporter is directed to set out the agreed statement of facts in full, so as to show the exact case which we decide.

*Affirmed.*

PER CURIAM.   The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is affirmed.