BOARD OF SUPERVISORS OF JEFFERSON DAVIS COUNTY *v.* TREXLER LUMBER COMPANY.

[69 South. 181-663.]

ASSESSMENT OF NONEXISTENT PROPERTY. *Taxation. Relief. Statute.*
Where a lumber company owned timber standing upon the land of another and in 1913, the year for making general assessments upon land, gave in such timber for taxation, the owner being assessed with the land, and where previous to February 1, 1914, the lumber company had cut off and removed all the timber from such land and converted it into personalty and was assessed with all its personalty on February 1, 1914, on the personal roll. The board of supervisors under Code 1906, section 4312, was authorized on the application of such lumber company to enter an order correcting the assessment of such standing timber for the year 1914 and relieving the company from such assessment for that year.

APPEAL from the circuit court of Jefferson Davis county.

HON. A. E. WEATHERSBY, Judge.

Action by the Trexler Lumber Company against the board of supervisors of Jefferson Davis county. From a judgment for plaintif, defendant appeals.

The facts are fully stated in the opinion of the court.

*Livingston & Milloy* and *Lamar F. Easterling*, Assistant Attorney-General, for appellant.

In the case of *Hancock County* v. *John W. Simmons,* 86 Miss. 302, we have a full and complete adjudication of the principles of law underlying the case at bar. In this case of *Hancock County* v. *Simmons,* we have a case where the value of land was enhanced by the building of a railroad near it and the consequent growth of values in the neighborhood. There the board raised the assessment under these conditions and when Simmons requested the board to vacate the order it refused.

Judge TRULY rendering the decision for the court in this case said: "Lands are assessed at stated times and in a manner expressly pointed out by statute. The plan devised by law covers every possible contingency to insure an accurate, full, and fair assessment of lands, and prevents the possibility, if all officers faithfully discharge the duties imposed upon them of any land escaping taxation or being assessed below its just, proportionate value.

All persons are charged with notice of the contents of the rolls from the return and filing thereof in the office of the clerk of the board of supervisors, and failure to file objections thereto precludes them from questioning its validity after it is approved by the board of supervisors or by operation of law. The taxpayer who feels himself aggrieved by any valuation placed on his property has his day in court at the regular August

meeting of the board of supervisors "in the years in which a land assessment is made" to present his objections and have corrections made in his assessments. After the land rolls thus prepared have been examined by the board of supervisors, the valuation of the property equalized in the doing of which the board "may increase or diminish the valuation of any property so that property of the same value shall be assessed for an equal sum," and the rolls approved as required by law, this assessment becomes, until the next general assessment of lands, the fixed and determined valuation for purposes of taxation of the lands of the county. These assessments can only be changed for the causes and in the cases enumerated by Code 1892, section 3799 now sec. 4312, Miss. Code 1906. That section provides that the board of supervisors shall not, after the approval of the land roll, change an assessment, except in the following cases: (1) Destruction or deterioration in value of any real estate by any casualty; (2) overvaluation known to be such; (3) clerical errors in the assessment rolls; (4) change of ownership after assessment; (5) increase of value by the erection of improvements. In all such cases the board has the authority, on the application, of the party interested or otherwise, to change the assessment at any time so as to reduce or increase it to the true value of the property, or to cause the taxes thereon to be charged to the true owner. These enumerated causes are restrictions upon the power of the board of supervisors, and no assessment of real estate after having once been duly formally approved and adopted can be changed, unless the individual case clearly constitutes one of the stated exceptions.

*Anderson* v. *Ingersoll*, 62 Miss. 73. It is plain intent of the law that each individual assessment must be passed upon solely with reference to the facts of that particular parcel of property. The causes enumerated

as authorizing changes are not difficult to understand. If real estate be destroyed, or its value deteriorated, by casualty, such as flood, which would lay waste to the land, or fire, which would destroy the improvements thereon, the board is granted the right to extend relief.''

We think this is an admirable adjudication of the principles of law underlying this case. Since this decision was rendered, our statute has been amended so as to make regular assessments of land every two years instead of every four years. This is undoubtedly right and proper. But we insist that section 4312 of the Mississippi Code of 1906 is identical with section 3799 of the Code of 1892, and that the same principles exist as to assessments as existed under section 3799, Code 1892, except that lands are now assessed every two years instead of every four years. Since we have a regular assessment of lands once in two years, the necessity for a statute like section 4312 of the Mississippi Code of 1906 is urgent and becomes an important part of our system under our revenue laws. If the board could make the reduction prayed for by appellee, then there would be no basis by which the board could be governed in levying taxation. If appellee is entitled to have his taxes reduced on timber which he has voluntarily cut, removed and manufactured into lumber for commercial purposes, then there is not a taxpayer in the county that would not have a right at any time to cut a valuable board tree, say worth ten dollars, from his land and then come to the board and ask a reduction to that amount from the amount assessed. It is easy to see what a condition of affairs would be brought about if appellee is right in his contention. There is nothing clearer than if such was the law that the board could have no intelligent rule of basis for levying taxes.

Our court held in the case of *Kuhn Bros.* v. *Warren County,* 98 Miss. 879, in which appellants asked for re-

duction in the assessment on account of loss by fire, that if they had the goods insured that they lost nothing on account of the fire; that the mere changing of goods to money would entitle them to no relief, and we think this was exactly what was done in this case, they sold their timber for commercial purposes in regular course of business and got the money therefor. They claim nothing according to their agreed statement of facts on account of double taxation and hence we say the timber should be taxed. There was no loss to them on account of cutting the timber so far as this record discloses; the timber was not overvalued as far as the record shows; there has been no destruction of value, merely a voluntary cutting of the timber for commercial purposes. A change if you please from timber to money, no loss, destruction or deterioration.

This case is altogether different to the case of *Board of Supervisors of Wayne County* v. *Mobile & Ohio Railroad Company,* reported in 99 Miss. page 845; in that case there was an overvaluation known to be such and the relief sought therein was proper, right and just.

We contend that after the assessment rolls are approved at the time prescribed by law, no objections having been filed prior thereto, that the taxpayer is estopped to complain. *Adams* v. *City of Clarksdale,* 95 Miss. 88; *North* v. *Culpepper,* 97 Miss. 737.

*J. E. Parker,* for appellee.

It is the contention of appellee in this case that the board of supervisors had the authority under section 4312 of the Code of 1906, to grant the relief prayed for, and that it was the duty of the board so to do. And this contention is based upon the idea that when it became known to the board of supervisors that the assessment rolls showed that the Trexler Lumber Company was assessed with property for the year 1914 which was not in existence on the 1st day of February, 1914, and had

no value on this date, then there was a case of "overvaluation known to be such," under the terms of section 4312, and the Trexler Lumber Company had the right at any time to be relieved from the payment of the taxes assessed against this property.

It is further the contention of appellee, that the general application of the revenue laws, requires that section 4312 be construed so as to embrace every instance where a change in the value of the property assessed has occurred subsequent to the assessment in such a way as the owner of the property has suffered a loss to that extent that this just and fair portion of the burdens of government should be based upon a less valuation than the assessment, and that he be relieved of the excess. And this has special force when applied to the assessed value of property for one year and the taxes are paid for that year, and on the 1st day of February of the next year the same property has a less value but no assessment is made for that year.

As to the first proposition, it would seem that the cases of *Board of Supervisors of Wayne County* v. *Mobile & Ohio Railroad Company,* 56 So. 173, and *Tunica County* v. *Tate,* 78 Miss. 294, will afford a complete answer to the question in this case. In the case of *Wayne County* v. *Mobile & Ohio Railroad Company,* this court has by construction made more clear the meaning of that phrase in section 4312 of "in case of overvaluation known to be such" as regards the time when the overvaluation becomes known to the board of supervisors. In that case certain cut-over lands were, through mistake, assessed as timbered lands and valued as timbered lands. In other words, these lands were thought to be timbered lands and were valued as timbered lands with no knowledge at the time that this was an overvaluation. In November of the year in which this assessment was made, it became known to the board of supervisors that the lands assessed as timbered lands were in fact

cut-over lands, and the value of cut-over lands was less than the value placed by the assessment on these lands. By reason of this knowledge, acquired in November, these lands then became subject to correction under section 4312, because the board of supervisors then knew that the lands were overvalued. By the application of this construction of the statute, it is made clear that it is the duty of the board of supervisors at any time when they know that property has been overvalued to relieve any citizen of an unjust burden by permitting him to pay taxes upon the true value of his property and not require him to pay taxes upon an overvaluation when they know it to be an overvaluation.

The above case refers to the assessment of the year when the objection is made, and it relates to an overvaluation at the time of the assessment. The case now before this court is for the correction of an assessment made the year before, and correct when made, and taxes paid for the previous year according to this assessment, but known to be overvalued by the board of supervisors, as of the 1st day of February, of the year in which the correction is asked to be made.

In the case of *Tunica County* v. *Tate,* 78 Miss. 294, the reasoning of the Wayne county case is made to apply to the case now before the court. This court has theretofore placed that liberal construction upon section 4312 so as to give that effect to the statute which would impute to the legislature the intention in enacting this law to give effect to section 112 of the Constitution in its broad and just terms of demanding that all property, bearing its just portion of taxes and only its just portion. That taxes are annual debts, and intended to meet the state's obligations annually. And that the burdens of taxation should rest upon all alike, and that all property should be assessed at the same rate and at its true value. In order to put into effect the provisions of this section of the Constitution, a number of statutes

have been enacted, but in some particulars, these stat-
utes have been ineffective to reach the unforeseen con-
ditions by the following of the wording of those statutes,
but this court has in every case given effect to the mani-
fest intention of the legislature and permitted the lan-
guage used to be extended to its intended purpose.   As
an example of this, attention is called to the case of
*Panola County* v. *Carrier & Son,* 89 Miss. 277, where
the court in construing section 4267, extended the mean-
ing of the language used therein so as to have the stat-
ute meet the demands of section 112 of the Constitu-
tion, and to speak the manifest intention of the legisla-
ture.

So clearly has this court construed section 4312, that
it seems that a meritorious claim is all that is required
of any citizen to be relieved against the payment of un-
just taxes.   In the case of *Kuhn Brothers* v. *Warren
County,* 98 Miss. 879, this court has said: ''Section 4312
gives the board of supervisors power to reduce an as-
sessment to its true value in every case of destruction
or deterioration in value, and in every proper case, it
is not only their duty so to do, but the reduction may
be compelled by resorting to the courts.''

The case of *Jennings* v. *Coahoma County,* 79 Miss.
523, is another case, where this court has, in substance,
said that section 4312 is broad enough to prevent any
citizen from suffering a wrong without fault on his
part, by having to pay an unjust tax.

PER CURIAM.   The facts are stated in our former
opinion affirming the judgment of the circuit court.   69
So. 181.   It is insisted with much earnestness that the
court erred in its former holding.   It is assumed in the
argument that the court approved the judgment of the
lower court upon the theory that the board of super-
visors should have granted appellee the relief under
that part of section 4312, Code 1906, which authorized
the board to change assessments ''in case of destruc-

tion or deterioration in value of any real estate by any casualty.''

This construction of our opinion is entirely too narrow. It may be assumed that authority for the reduction is not to be found in the clause of the statute quoted, still the judgment must be affirmed, unless *Board of Supervisors* v. *M. & O. R. R. Co.*, 99 Miss. 845, 56 So. 173, be overruled. The facts of that case and this case are similar in all essential particulars. The judgment fixing the valuation of the land had been entered in the case cited, and was final, but for the statute, and yet this court held that the facts showed an ''overvaluation known to be such.'' We are unable to draw any distinction between the facts of this case and the facts of *Supervisors* v. *Railroad Co.*, *supra*,

*Suggestion of error overruled.*

Smith, C. J., takes no part in the decision on the suggestion of error.