## Board of Supervisors of Smith County *v.* Cox.

[75 South. 118, Division A.]

TAXATION. *Change of assessment. Nonexistent property. Statute.*
Under Code 1906, section 4312, authorizing a reduction in case of overvaluation, where the timber has been cut from lands assessed for taxes, the assessed value should be reduced by the board of supervisors on the landowner's application.

APPEAL from the circuit court of Smith county.
HON. W. H. HUGHES, Judge.

Petition by Arthur J. Cox to Board of Supervisors for change in the assessed valuation of land, relief denied, and on appeal to the circuit court order reversed and reduction granted and board of supervisors appeal.

Appellee filed his petition before the board of supervisors of Smith county at the August, 1916, meeting praying for a change in the assessed valuation of his lands. His petition recited that the lands on which his timber was situated had been assessed for the years 1915 and 1916, but that subsequent to February 1, 1915, and prior to February 1, 1916, the timber had been cut off and removed from the lands and out of the county. The board denied the relief prayed, and on appeal to the circuit court the order of the board was reversed and appellee granted the reduction prayed. From this judgment the board appeals.

*J. B. Guthrie,* for appellant.

The determination of these cases involves the true construction to be placed upon section 4312 of the Code of 1906. together with other statutes, and we shall limit our argument in this brief to the strict legal interpretation to be placed upon the construction of stat-

utes, believing that this court has no further idea or right than to deal with the strict legal interpretations of the same. We are not without precedent in dealing with this statute, as the same has been passed upon at various times in the past judicial history of this state.

Section 4280 of the Code of 1906, provided that, "lands shall be assessed between the first day of February and the first day of July for the year of 1906, between the first day of February and the first day of July for the year 1909, and every two years thereafter."

It was the purpose of the legislature in enacting this statute to provide for land assessments every two years only, and that the assessment for land should stand for that length of time, because of the fact that land values are more permanent in their nature, and, therefore, it is not necessary to change the assessment for land so frequently as the assessment for personal property. The next section 4281 of the Code of 1906, provides how the values of land shall be determined, its value to be fixed by the owner of the land, or the person having charge thereof, and provides for taking into consideration the improvements, the proximity to navigation, to a railroad, etc. We conclude, therefore, that the question of land assessments was intended by the legislature to be permanent for two years' time, so that it would not involve the trouble and expense of making the land roll oftener.

The legislature did not stop here, but provided in section 4296 of the Code of 1906 that the roll should remain on file for three weeks after filing the same, or until the next regular meeting of the board; and that a person dissatisfied with his assessment, might, within such time, present his objections thereto in writing. The section concludes:

"All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its approval by the board of su-

pervisors, or by operation of law, except minors and persons *non compos mentis.*"

What was intended here by this clause and provision but to so fix and determine the assessment for the time provided by law, two years, unless the change came within the purview of section 4312 of the Code of 1906? Suppose a landowner had given in his land in the year provided by law for giving in the same, and at the price which he, at the time, knew to be the true value of the land, and something happens that does not come within the exceptions provided for in section 4312, can he then lawfully ask for a reduction of his assessment, or have it taken off altogether? Our answer to the question is that he cannot. It must come within the exceptions provided by law, or the petitioner is not entitled to a reduction. And it must be clearly within the provision of the exceptions, or he is not entitled to relief.

There are only two of the exceptions which appellees could claim relief under, or have any shadow of claim, the one of which is "destruction or deterioration in value of any real estate by any casualty, or in case of overvaluation known to be such. "Does the record show in the case at bar that it was a case of destruction or deterioration in value by reason of any casualty? Instead of such showing, it is clearly shown that the timber was cut off and removed by the voluntary act of the appellee. For them to be entitled to relief on that ground, it must have been shown that the timber was destroyed by storm or fire or some other casualty, and since that has not been shown, we take it for granted that it does not become necessary for us to argue that phase of the question. We cite as the authority on this question, *Forsdick, et al.* v. *Quitman County,* 25 So. 294; *Hancock County* v. *Simmons,* 86 Miss. 30, 38 So. 337; *Anderson* v. *Ingersoll,* 62 Miss. 73; *Kuhn Bros.* v. *Warren County,* 98 Miss. 879, 54 So. 442.

We have shown clearly that the cases at bar do not come within that exception showing destruction or de-

terioration in value by any casualty. We shall now show to the court that there was not an overvaluation known to be such, so as to come within the statute. *Board of Supervisors of Wayne County* v. *Mobile & C. R. R. Co.,* 99 Miss. 845, 56 So. 173, is good authority on this point. The statement of facts in that case shows that the board made the assessment of the lands involved in that case, thinking at the time of the assessment that the lands assessed were timbered lands, making a mistake as to the kind and nature of the property being assessed. That, as a matter of fact, at the time of the assessment, the lands were not timbered land, but were cut over lands. In that case the board made a mistake. There was an overvaluation of the lands, at the time of the assessment, being assessed, then, as timbered land, because the board thought they were timbered, but as a matter of fact, at the time of the assessment, they were not timbered. When was the mistake made? When the lands were assessed. They had not changed in value, but when the mistake was discovered, then the party who had been wronged by the assessment, and the mistake therein, was entitled to relief. There had been an oversight, or else the mistake would have been discovered.

If such were not the rule of law, what reason would exist for assessing lands every two years only? Why not assess it every year just as personal property is assessed if such were not the rule intended by the legislature, then why would not any man have the right to ask the board of supervisors for a reduction every time he had cut off from his land a load of firewood? When the wood was burned, it would be out of existence, and the loss of its value would be an overvaluation known to be such, because he could make the same proof as in the case of the cutting off of merchantable timber. There is no difference in the principle involved in the latter case and the case at bar.

*Frank Robenson,* for appellant.

These cases involved a construction of section 4312, of the Code of 1906. The assessment was made in the year 1915 and no request was made of the board of supervisors to change the assessment any time during the year 1915. Appellee claims that since the timber was cut prior to February 1, 1916, that he is entitled to a reduction in this assessment for the year 1916, which was made for a two-year period, beginning with February 1, 1915.

The cases of *Board of Supervisors of Jefferson Davis County* v. *Trexler Lumber Company,* 69 So. 181-663, and *Russel* v. *Board of Supervisors of Jasper County,* 72 So. 7, are relied upon by appellee for an affirmance of this case. I think the case at bar can be distinguished on the facts from the Trexler Lumber Company case, yet if I am incorrect in this assumption, I shall endeavor to show the court wherein it erroneously decided the law in these two cases.

In the Trexler Lumber Company case, the agreed statement of facts showed that the lumber company did not own the land, but only owned the timber thereon; and the agreed statement of facts also showed that the timber, after being converted into lumber, was assessed as personal property in another county. In the case at bar, the appellee owned both the land and the timber, and there is no allegation nor proof that the timber was paid on as personal property, or that the proceeds of the sale of the timber were paid on as personal property elsewhere.

The case of *Russel* v. *Board of Supervisors of Jasper County, supra,* 72 So. 7, followed the Traxler case. An examination of the original record in that case shows that the appellee filed no brief in this case and brief for appellant consists of one page in which the facts are stated and the Traxler Lumber Company case cited as authority. In this state of the record, it is not

surprising that this court should have followed the Trexler Lumber Company case.

The proper construction of section 4312, of the Code, is of such great importance to the state that this department is constrained to use every effort in its power in an endeavor to have this section literally construed. The construction which a majority of the court placed on section 4312 has caused so much trouble in the proper administration of the taxation laws and is calculated to lead to so much greater confusion in the future that I shall attempt to go over all the cases relating to this section and show the court that an erroneous interpretation was placed on section 4312 by the *Trexler Lumber Company Case, supra* and *Russel* v. *Board of Supervisors of Jasper County, supra.* In my opinion, the court drew wrong conclusions from the case cited in the Trexler Lumber Company case. The court said:

"This is a remedial statute and the decisions of our court are unanimous in giving to it a liberal construction." I do not think that the court has ever read anything into the statute other than what plainly appeared therein prior to this case. The facts of some of the cases must be closely scrutinized in order to understand just what clause of section 4312 was used in granting the relief. I beg to call the court's attention to the following cases which show that the statute was not liberally construed, but is a statute of restriction on the board of supervisors. *Forsdick* v. *Board of Supervisors of Quitman County,* 25 So. 294; *Hancock County* v. *Simmons.* 86 Miss. 302.

The first opinion of the court, speaking through Justice STEVENS, seemed to grant the relief on the ground, "in case of destruction or deterioration in value of any real estate by any casualty." A suggestion of error was filed in which it was earnestly urged on the court that this holding was erroneous. In the opinion of the court on the Suggestion of Error, 69 So. 663, the court said:

"This construction of our opinion is entirely too narrow. It may be assumed that authority for the reduction is not to be found in the clause of the statute quoted, still the judgment must be affirmed, unless *Board of Supervisors* v. *M. & O. R. R. Co.,* 99 Miss. 845, 56 So. 173, be overruled. The facts of that case and this case are similar in all essential particulars. The judgment fixing the valuation of the land had been entered in the case cited, and was final, but for the statute, and yet this court held that the facts showed an overvaluation known to be such. We are unable to draw any distinction between the facts of this case and the facts of *Supervisors* v. *Railroad Co., supra.*"

If I understand this opinion, the court practically said that the reason for its former opinion was probably wrong, but assuming that it was wrong, the case should be affirmed unless the court overruled *Board of Supervisors of Wayne County* v. *M. & O. R. R.,* 99 Miss. 845, 56 So. 173. It seems that in the opinion on the suggestion of error, the court affirms the case and overrules the suggestion of error on the idea that relief should have been granted as "an overvaluation known to be such." I am not quite sure that the court intended to admit that the language used: "it certainly ought to give relief when valuable improvements have been destroyed by casualty or completely removed by the voluntary legitimate act of the owner," was inapt or not. I think it so manifest that this interpretation of the statute was erroneous as construed by the decisions of our court that I shall rest this point with a mere citation of a few authorities bearing on the definition of the word, "casualty." *Forsdick* v. *Board of Supervisors of Quitman County,* 25 So. 294; *Hancock County* v. *Simmons,* 86 Miss. 310; 1 Words & Phrases, page 590. I think the court was lead into error in the Traxler case by its endeavor to furnish justice when the legislature had failed to furnish the means by statute, but in fact had closed the gate, so to speak, in this particular case.

I think the language of the majority of the court shows this to be true, as Judge Cook said, in a dissenting opinion in *Board of Levee Commissioners* v. *Powell,* 68 So. 74: ''My associates, in their effort to enforce a 'square deal,' have nullified the legislative intent.''

It is not the province of the court to place any other construction upon a statute passed by the legislature than what plainly appears on its face. If there can be no doubt as to the meaning of the statute the court will not by judicial legislation place a different interpretation upon it. *Abbott* v. *State,* 63 So. 667; *Darnell* v. *Johnston,* 68 So. 781; *Richmond* v. *Enochs,* 67 So. 649; *Horton* v. *King,* 73 So. 873.

The basic question after all, in the case at bar, is this: ''Does the assessment of lands for two years fix the valuation for each of the two years for the same amounts except as may be changed by section 4297 and 4312, of the Code of 1906? Section 4296 of the Code of 1906, makes the assessment conclusive after its approval by the board of supervisors. Stated in another way, the proposition is, are land assessments fixed, so far as reductions are concerned, for the second year after being assessed by the amount as approved by the board of supervisors in approving the roll the first year. I submit that this is the law and it has been followed and is administered through all the years. The question might arise, Does this violate section 112 of our Constitution, because the statute provides that lands shall be assessed every two years while personal property is assessed each year? At first blush, this may seem to be in contradiction of the section 112 of the Constitution, but an examination of the authorities will show that it does not violate the uniform and equality clauses of our Constitution. Many of the states have constitutional provisions similar to ours and provide for different lengths of time for land and personal assessments. Cooley on Taxation (3 Ed.), 276, citing *St. L. I. M. & S. Ry.* v. *Whorthen,* 53 Ark. 529; Cooley on

Taxation (3 Ed.), 291, citing, *Cen. Iowa R. R. Co.* v. *Wright,* 67 Iowa, 199.

The true rule seems to be that the legislature may create classes of property for the purpose of taxation and that a discrimination may be made between classes of property but not between the same kinds of property. *St. L. I. M. & S. Ry.* v. *Whorthen,* 52 Ark. 529. In Cooley on Taxation (3 Ed.), 317, the following language is found:

"The legislature may create classes on a substantial basis for the convenience of levying taxes according to the true value of the property, and the right to discriminate among the various classes of property for the purpose of taxation is thoroughly established; but the Constitution requires that all members of the class selected for taxation shall be included in the taxing law; that the rule applied thereto shall be uniform as to the whole class, and that the assessment shall be made at the true value of the property constituting the class." See, also, pages 334 and 337. The provision of the Constitution 1896 was: "Taxation shall be equal and uniform throughout the state. Also property shall be taxed in proportion to its value to be ascertained by law.

From the time of the adoption of this Constitution until section 4280 of the Code of 1906, was passed, land was assessed every four years and personal property every year. In 1906 the legislature reduced the intervals between land assessments from four to two years. This was done because land values in Mississippi had begun to increase in value and the four year interval in assessments, which fixed the assessment except as they might be increased under section 4312 of the Code, caused too great a loss in land values for taxation purposes.

The legislature undoubtedly has the right to take any class of property and have it assessed at a time different from other classes of property and not violate

the equality and uniformity clause of our Constitution, provided that the assessments at the time it was made is according to its true value. The legislature of Mississippi, instead of making this an iron-clad assessment after it shall have been approved by the board of supervisors in accordance with section 4296 of the Code, and have become conclusive as to the taxpayer, adopted section 4312 of the Code of 1906, which alleviated most of the situations whereby an injustice might be done.

The legislature did not have to pass any act under which a reduction in assessments could be had after the approval of the roll by the board of supervisors. The original opinion in the Trexler case said that because section 4312 allowed the board of superviosrs to increase an assessment where a change of value by the erection of improvements had taken place, that it was a poor rule that did not work both ways, and if the statute in question authorized a change in the assessment to cover improvements placed on the land subject to the approval of the roll, "then it certainly ought to give relief when valuable improvements have been destroyed by casualty or completely removed by the voluntary, legitimate act of the owner." I cannot understand how the majority of the court reasoned from a premise that a certain thing was allowed by the statute, that the conclusion followed that other things that should have been allowed, would be held to be within the statute, whether in it or not.

The court, in overruling the suggestion of error in the *Trexler Case,* 69 So. 663, said that the judgment in that case must be affirmed unless the *Board of Supervisors of Wayne County* v. *M. & O. R. R. Company,* 99 Miss. 845, 56 So. 173, be overruled, and said further: "We are unable to draw any distinction between the facts of this case and the facts of *Board of Supervisors of Wayne County* v. *M. & O. R. R. Co., supra.*"

Unless I believed that there was a clear distinction between this case cited in the opinion overruling the

suggestion of error and the facts in the Trexler Lumber Company case, and also the case at bar, and further believed that I might be able to show this distinction to this court, I should not consume the time and effort of myself and the court in endeavoring to do a vain thing, but I am so convinced that the case of *Board of Supervisors of Wayne County* v. *M. & O. R. R. Co., supra,* was correctly decided and the relief was authorized by section 4312, as I construe it, until I have the abiding conviction that I shall be able to demonstrate this proposition to the court and that the court will overrule the Trexler case and the Russell case and place the construction upon this statute that has been used by the administrative officers of this government since this statute has been in the laws. The feature at bar is that in the case of *Board of Supervisors of Wayne County* v. *M. & O. R. R.* The value did not exist on the land at the time the assessment was made. This distinction is the very essence of the remedy in section 4312 known as "an overvaluation known to be such." In that case, the timber lands of the railroad company were assessed in the year 1909, for the years 1909 and 1910. The application to the board of supervisors was made in the year 1909 and for the year 1909 and not like the Trexler case and the case at bar, made during the second year for the taxes of the second year. At the time the lands of the railroad company were assessed, the timber was not on the lands and consequently the value was not there at the time the assessment was made. In the Trexler Lumber Company case and in the case at bar, the timber was on the land at the time the assessment was made. This difference in the two cases is the very controlling feature that determines whether section 4312 is a remedy in the respective cases.

In the case where the railroad company's lands were involved, there had been no change in the physical condition of the property from the time the assessment had been made up until the application was made and con-

sequently it follows, as will appear from the agreed statement of facts in that case, that this was "an over-valuation known to be such," and that was what the court, speaking through WHITFIELD, Judge, said in its opinion. It seems to me as clear as can be that the very basis of the relief granted in the *Railroad Case, supra,* and the Trexler case were as wide apart as the poles. I think the case of *Board of Supervisors of Wayne County* v. *M. & O. R. R., supra,* was correctly decided, and I am convinced that the difference between that case and the Trexler case was not called to the court's attention.

The reason that timber is allowed to be assessed separately and in addition to the land on which the timber is situated is, that the timber is a part of the realty and therefore subject to separate assessment. *Darnell* v. *Johnston,* 68 So. 780.

It follows, therefore that the assessment of timber would be governed by section 4280, requiring it to be assessed every two years and that the assessment would be conclusive under section 4296 for two years except as might be legally changed under section 4312, of the Code. *Fox* v. *Lumber Company,* 80 Miss. 1.

The fact that the legislature has not provided a remedy to meet the situation complained of is no reason why the court should judicially construe section 4312 to relieve the situation simply because justice would require it to be done unless the legislature provides a statute with which to effect the relief.

*T. J. Wills,* for appellee.

The relief sought in this proceeding is authorized under section 4312 of the Code of 1916. *Board of Supervisors of Jefferson Davis County* v. *Trexler Lumber Company,* 69 So. 181.

We are of the opinion that appellant misconceives the position taken by this court, with reference to the au-

thority of board of supervisors to control the levy and collections of taxes. It takes the position that since section 4280 of the Code of 1906, provides that assessment of lands be made every two years, and that section 4281 provides that lands shall be assessed at their intrinsic value, and that section 4296 provides that the land roll shall be filed and kept on file at least two weeks for inspection, and objection on the part of the taxpayer before it is approved by the board, that an assessment of lands binds the land for the full period of two years, for the value placed upon it on the first day of February of the year in which assessments are made. In other words, appellant conceives the law to be that an assessment of land has for its purpose and scope the binding of the land on the first day of February of the year in which assessments are made for the two years thereafter. This is a misconception. The biennial assessment of lands is provided for, to save the expense and trouble of repeated assessments, not for the purpose of binding the land for taxes for two year periods during which time no change can be made.

The scheme of taxation is, that property shall bear its just proportion of the burdens imposed by the Government, and the burden thus imposed shall be imposed for each and every year. This position is clearly manifest by an examination of section 4255 of the Code of 1906. This section provides that taxes both state and county, assessed upon lands or personal property shall bind the same and be entitled to preference over all judgments, executions, incumbrances, or liens, whensoever created; and all taxes assessed shall be a lien upon and bind the property assessed from the first day of February of the year in which the assessment shall be made.

The cases cited in the brief for appellant are not in point and have no weight in the consideration in this case. In *Forsdick* v. *Quitman County,* 25 So. 294, cited by appellant, the value of the land had not changed. Its

character was the same at the time when the question of reduction was considered as it was at the time the assessment was made. And the question of change in valuation was not involved.

In the case of *Hancock County* v. *Simmons,* 86 Miss. 302, there was no question of change in the value of the land between the date of the assessment and the time when a prayer for reduction was made. All that the court held in the Simmons case was that, where the valution was fixed in the assessment roll, and the owner of the property neglected to file his objections to the value therein, fixed at the time provided by law, he was precluded from thereafter being heard.

In the case of *Kunn Bros.* v. *Warren County,* 98 Miss. 879, the stock of goods assessed had been destroyed by fire. They were in existence on the first day of February of that year and were properly assessed, and when destroyed by fire, the insurance collected was equivalent to the value of the goods. The court in passing on this case, said suppose that Kunn Bros., had sold its stock of goods subsequent to February the first, to a resident of Louisiana and they had been removed from the state, could he have sought and obtained a reduction of his assessment? It is obvious that he could not. Let us suppose a case. If Kunn Bros. had sold the stock of goods previous to the first day of February, and obtained the money therefor, would the property thus sold and removed previous to February the first be taxable in Warren county. It is just as obvious that it would not. The money received for the goods would have been taxable in Warren county and so far as the taxation of the goods are concerned, the question of whether the money was assessed could not be inquired into. If the money was assessed, it would bear its just proportion of the burden of taxation. If it had not, there would have been work for the revenue agent, and Kunn Bros. would have been subject to all the penalties imposed by law.

Under the provisions of chapter 89, Laws 1912, the timber for which this reduction is sought was assessed separate from the land. *Darnell* v. *Johnson,* 68 So. 781.

For the year of 1915, it was *in esse* and was subject to taxation previous to February the first, 1916. It was removed and had no existence as such·to be taxed for that year. It had changed its character. It was assessed, and properly so, as real property for 1915, and before February the first, 1916, had ceased to exist as realty. It had no *situs* in Smith county, either as realty or personalty after that date. It was taxable as personalty wherever located. To assess it as land where it formerly stood and as personality where situated on February the first, 1916, would be double taxation. If this construction is to be placed upon the laws providing for taxation, it would render the entire scheme in violation of the Constitution, and therefore void.

In the case at bar, the petition shows that the·timber was removed from Smith county previous to February the first, 1916. If its form had changed to lumber, it was taxable as such wherever located. If it had been converted into cash, it was taxable as such in the proper jurisdiction. It is a crime for a person to fail to properly assess their property and the law indulges the presumption that every man observes the law. That is a question of no moment in this proceeding, for the reason that the timber having been cut and removed previous to the first day of February, 1916. It was not taxable as such for the year 1916; and if manufactured into lumber, or converted into cash, it was taxable in the proper jurisdiction where located, and must, in this changed form, bear the burden of taxation.

The case of *Jefferson Davis County* v. *Trexler Lumber Company, supra,* is a case directly in point. It holds that the reduction should be given. The question was again before this court in the case of *Russell* v. *Board of Supervisors of Jasper County,* 72 So. 7, where the court said:

"This case is controlled by the rule announced in the case of *Board of Supervisors of Jefferson Davis County* v. *Trexler Lumber Company,* 69 So. 181, and so it follows that the judgment of the lower court was erroneous and the judgment is reversed, and the case remanded."

It is no longer a question for consideration by the court. It has become a well established and fixed rule of law. The case should be affirmed.

Holden, J., delivered the opinion of the court.

The case comes clearly within the rule announced in the case of *Board of Supervisors of Jefferson Davis County* v. *Trexler Lumber Co.,* 109 Miss. 372, 69 So. 181. The same question was again before this court in the case of *Russell* v. *Board of Supervisors of Jasper County,* 72 So. 7, and we there upheld and followed the decision in the case of *Jefferson Davis County* v. *Trexler Lumber Co., supra.*

The rule announced in the above case having established the law on that subject in this state, which seems to be fair and just, and, no good reason appearing for overruling this decision, even though we might entertain some doubt as to the absolute correctness of the constructon of section 4312, Code 1906, in the first instance, we are constrained to observe the doctrine of *stare decisis,* and follow the rule as announced in *Jefferson Davis County* v. *Trexler Lumber Co., supra,* which we refuse to overrule as requested by appellant.

The judgment of the lower court is affirmed.

*Affirmed.*