FRANKLIN COUNTY *v.* HOMOCHITTO LUMBER CO.

(Division B. Feb. 27, 1933.)

[146 So. 304. No. 30429.]

Cowart & Bennett, of Meadville, for appellant.

Lamar Hennington, of Hattiesburg, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Homochitto Lumber Company, appellee, was the owner of certain timbered lands during and prior to the year 1928, and was assessed in the year 1928 with these as timbered lands; the lands and timber being separately valued on the rolls. During the year 1928, the lumber company cut and removed the timber from these lands prior to the 1st day of January, 1929, and at the December, 1929, meeting presented a petition to the board of supervisors praying for a change of assessment under section 8231, Hemingway's 1927 Code, section 4312, Code of 1906. The board disallowed said petition, and an appeal was prosecuted to the circuit court. In the circuit court it was agreed that the assessment was made in the year 1928, and that the timber and land were separately valued on the assessment roll, and that during the year, 1928, all of the timber on the lands was cut and removed therefrom, and that the petition was filed on the first Monday in December, 1929, before the board of supervisors asking for a change in the assessment.

The court below decided in favor of the lumber company, and entered an order changing the assessment rolls in accordance with section 8231, Hemingway's Code of 1927, section 4312, Code of 1906, reading as follows: "In

case of destruction or deterioration in value of any real estate by any casualty, or in case of overvaluation known to be such, or in case of clerical error in the assessment rolls, or in case of change of ownership after assessment, or in case of an increase of value by the erection of improvements, or on satisfactory evidence of such increase from other causes, the board of supervisors shall have power at any time, on the application of a party interested, or otherwise, to change the assessment so as to reduce or increase to the true value of the property, or to cause the taxes to be charged to the purchaser thereof. And in case of the reduction or increase of any assessment, the same shall be certified by the clerk of the board of supervisors to the auditor; but the board shall not, after the approval of the roll, change an assessment except in the cases enumerated."

In the case of Board of Sup'rs of Jefferson Davis County v. Trexler Lumber Company, 109 Miss. 372, 69 So. 181; Id. (Miss.), 69 So. 663, a similar case, the court held that section 4312, Code of 1906, section 8231, Hemingway's 1927 Code, warranted the board of supervisors in making a change in the assessment. There, as here, the court below rendered a judgment allowing a correction of the assessment roll under said section.

It is contended here that the petition for a change in the assessment should have been presented to the board of supervisors prior to the meeting at which they equalized the assessments in 1929, and that to permit a party to delay presenting his application until after that meeting, and after the personal assessment roll had been made up, would upset the budget.

We do not think there is any requirement that a change shall be made at any particular time. The assessment roll for lands was made and approved in August, 1928. and was not again to be passed on at the August, 1929 meeting when the personal roll was up for approval and

equalization. The statute fixes no time at which an application for change shall be made. It may be made at any time before the taxes have been collected or distress proceedings have been taken. Whether it may be made after such proceedings have been taken is not before us.

We not only think the case of Board of Sup'rs of Jefferson Davis County v. Trexler Lumber Co., supra, is controlling here, but in the enactment of the Code of 1930 the Legislature adopted the policy of allowing a change to be made thereafter, precisely what was requested here. In other words, the decision in that case has been approved by the Legislature in the recodifying of the laws. That case, whether correctly decided or not, is not one that would be overruled even in the absence of Legislative action, but, having been ratified by the Legislature, we do not think we are authorized to consider whether it is correct or not.

The judgment of the court below is accordingly affirmed.

Affirmed.